**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

JAMES LAWSON and ACCESS NOW, INC.,
a Florida not-for-profit corporation,

        Plaintiffs,

vs.                                        CASE NO:5:04-cv-387-M

CIRCLE N, INC., an Oklahoma
corporation d/b/a GIT 'N GALUP,

        Defendant.

_____ /

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiffs, ACCESS NOW, INC., a Florida not for profit corporation, and JAMES LAWSON ("Plaintiffs"), through their undersigned counsel, hereby file this 2nd Amended Complaint and sue CIRCLE N, INC., an Oklahoma corporation d/b/a GIT'N GALUP, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

**JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq. (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

1

2.      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) and Local Rules of the United States District Court for the Western District of Oklahoma.

3.      Plaintiff, JAMES LAWSON (hereinafter referred to as "MR. LAWSON") is a resident of the State of Oklahoma and is a qualified individual with a disability under the ADA. MR. LAWSON suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations. Prior to instituting the instant action, MR. LAWSON personally visited the Defendant's premises, the GIT'N GALUP, located at 1325 North Perkins Road, Stillwater, Oklahoma (hereinafter referred to as the  "STORE") both personally and on behalf ACCESS NOW, INC. and was denied full, safe and equal access to the subject property of Defendant which is the subject of this lawsuit due to the barriers to of access which exist. MR. LAWSON continues to desire and intend to visit the STORE but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.      Plaintiff, ACCESS NOW, INC., (hereinafter referred to as "ACCESS NOW") is a non-profit corporation organized and existing under the laws of the State of Florida ("Association"). The Association's members consist of both qualified individuals (including but not limited to mobility impaired, hearing impaired and sight impaired) with disabilities under and as defined by the ADA and the able-bodied.  MR. LAWSON is a member of ACCESS NOW. ACCESS NOW is engaged, inter alia, in seeking compliance with the ADA, educational efforts to correct violations when found, and when necessary and appropriate, litigation to require persons and entities in violation of the ADA to comply with the Act.  One of the primary purposes of the Association is to

2

represent its members to assure that public spaces and commercial premises are accessible to and useable by its members, to assure its members that they will not be excluded from participation in or be denied the benefits of the services, programs or activities of public accommodations, and to assure its members that they are not discriminated against because of their disabilities. Prior to the filing of this complaint, members of ACCESS NOW, INC., visited the Defendant's STORE and were denied full, safe and equal access to Defendant's place of public accommodation due to the barriers to access which exist. The Association and its members, including but not limited to MR. LAWSON, have suffered direct and indirect injury as a result of the Defendant's actions or inactions described herein.   ACCESS NOW and its members continue to be discriminated against due to the Defendant's continued lack of compliance and their continued desire and intent to visit the Defendant's premises. The Association also has been discriminated against because of its association with its members and their claims.

5.      The Defendant, CIRCLE N, INC, an Oklahoma corporation, d/b/a GIT'N GALUP (hereinafter referred to as "CIRCLE N") is authorized to conduct and is conducting business in the State of Oklahoma.  Upon information and belief, CIRCLE N is the owner and operator of the real property and improvements that is the subject of this action, to wit: the STORE.

6.      All events giving rise to this lawsuit occurred in the Western District of Oklahoma.

## <u>COUNT I - VIOLATION OF THE AMERICANS WITH</u>

## <u>DISABILITIES ACT</u>

7.      On or about July 26, 1990, Congress enacted the Americans With

Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

8.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the establishment owned and operated by CIRCLE N is a place of public accommodation in that it is a STORE, which provides accommodations and services to the public.

9.      Defendant, CIRCLE N has discriminated, and continues to discriminate against the Plaintiffs, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the STORE in derogation of 42 U.S.C. §12101 et. seq.

10.      The Plaintiffs have been unable to and continue to be unable to enjoy access to and the benefits of the services offered at the STORE.  Prior to the filing of this lawsuit, Plaintiffs visited the STORE and were denied full, safe and equal access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiffs continue to desire and intend to visit the STORE, but continue to be injured in that they are unable to and continue to be discriminated against due to the barriers to access that remain at the STORE in violation of the ADA. MR. LAWSON, and other members of ACCESS NOW, INC. have now and continue to have reasonable grounds for believing that they have been and will be discriminated against because of the Defendant's deliberate and knowing violations of the ADA.

11.      Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the

Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12.     CIRCLE N is in violation of 42 U.S.C. §12181 et. seq. and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiffs as a result of inter alia, the following specific barriers to access:

> (i)     There is an insufficient number of accessible parking spaces;
>
> (ii)    The facility does not provide compliant access aisles;
>
> (iii)   The accessible parking is not located on closest accessible route;
>
> (iv)    There is no curb access to enter premises;
>
> (v)     There are access ramps on the premises that are too steep, protrude into access aisles and do not provide flared edges;
>
> (vi)    The path of travel from the ramp to the entrance doors lacks proper space clearance;
>
> (vii)   There are no accessible entrances to any of the businesses at the facility.

13.     There are other current violations of the ADA at the STORE owned and operated by CIRCLE N which are not specifically identified herein as the Plaintiffs are not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiffs or Plaintiffs' representatives can all said violations be identified.

14.     To date, the readily achievable barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15.     Pursuant to the ADA 42, U.S.C. §12101 et. seq., and 28 C.F.R. §36.304 CIRCLE N was required to make its property, a place of public accommodation,

accessible to  persons with disabilities by January 28, 1992.  To date, CIRCLE N has

failed to comply with this mandate.

16.      The Plaintiffs have been obligated to retain undersigned counsel for the

filing and prosecution of this action.   Plaintiffs are entitled to have its reasonable

attorney's fees, costs and expenses paid by CIRCLE N pursuant to 42 U.S.C. §12205.

17.      Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to

grant Plaintiffs' injunctive relief, including an order to alter the subject facility to make it

readily accessible to, and useable by, individuals with disabilities to the extent required

by the ADA, and closing the subject facility until the requisite modifications are

completed.

**WHEREFORE**, the Plaintiffs demand judgment against CIRCLE N and

request the following injunctive and declaratory relief:

A.      That the Court declare that the property owned and administered by CIRCLE N is violative of the ADA;

B.      That the Court enter an Order directing CIRCLE N, to alter its facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.      That the Court enter an Order directing CIRCLE N to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.      That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiffs; and

6

E.     That the Court award such other and further relief as it
       deems necessary, just and proper.

Dated this 4th day of May, 2004.

Respectfully submitted,

By:  /s/   Bradley L. Johnson_____
        Bradley Johnson, Esquire
        Florida Bar No. 0623210
        Schwartz Zweben & Associates, LLLP
        William T. Brett, Esquire
        Oklahoma Bar No.  1105
        Attorneys for Plaintiffs
        4651 Sheridan Street, Suite 355
        Hollywood, Florida 33021
        Telephone:   (954) 966-2483
        Facsimile:   (954) 966-2566

## Certificate of Service

I hereby certify that on May 4, 2004, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:  **William T. Brett, Esquire,** at **brettlaw@coxinet.net** and to Lu Ann Stout, Esquire of Holloway, Dobson & Bachman at Lstout@HollowayDobson.com .

By:  /s/  Bradley L. Johnson_____
        Bradley Johnson, Esquire