IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) JAMES LAWSON and ACCESS NOW, INC., a Florida not-for-profit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>1) CIRCLE N. INC. an Oklahoma corporation d/b/a GIT 'N GALUP,<br><br>Defendant. | Case No. CIV-04-0387-M |

### NEGOTIATED STIPULATION FOR SETTLEMENT

**IT IS HEREBY** stipulated and agreed by and between Plaintiffs, JAMES LAWSON, an individual and ACCESS NOW, INC., a Florida not-for-profit corporation (hereinafter sometimes jointly referred to as "Plaintiffs") and Defendant, CIRCLE N. INC. an Oklahoma corporation d/b/a GIT 'N GALUP, (hereinafter sometimes referred to as "Defendant" or "STORE" ) as follows:

**WHEREAS**, Plaintiffs filed this action against the Defendant for its alleged violations of Title III of the Americans With Disabilities Act, 42 U.S.C. Section §12181, *et seq.* ("ADA"), pursuant to which Plaintiffs sought a permanent injunction and attorney's fees, expenses and costs;

**WHEREAS**, subject to the terms set forth herein, Plaintiffs and Defendant have agreed to finally resolve any and all claims and disputes by and between them; and

**WHEREAS**, the aforementioned parties desire to avoid further expense, time, effort and uncertainty in regard to this action.

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties hereto, intending to be legally bound hereby, agree to the following terms and conditions as full and complete settlement of action:

    **I.**    **ALTERATIONS AND IMPROVEMENTS**.  The Defendant agrees to and has made the following modifications and alterations at the STORE, which is the subject of this action, CIRCLE N. INC. an Oklahoma corporation d/b/a GIT 'N GALUP, located at 1325 N. Perkins Road, Stillwater, Oklahoma (hereinafter referred to as the "STORE").

    **A.**    **PARKING AND INITIAL ACCESS**

    i.    The Defendant has provided two (2) accessible parking spaces with one being van accessible in compliance with §§4.1.2(5)(a) and (b) of Appendix A to 28 CFR Part 36, July 1, 1994 Edition (hereinafter referred to as the "ADAAG"). The accessible parking spaces shall comply with the following:

    a.    The accessible parking spaces are located on the nearest accessible route to the accessible entrance of the STORE and shall, in all respects, conform with §§4.6 of the ADAAG.

    b.    The accessible parking spaces shall be marked with appropriate signage that shall comply with §§4.6.4 and 4.30.7 of the ADAAG. The parties agree that the signage shall be mounted to the side of the building and it will be visible over parked vehicles at a recommended height of 84 inches to the centerline of the signs.

c.  The accessible parking spaces has access to curb-ramps and/or curb cuts, as necessary, which complies with Section 4.7 of the ADAAG to allow access to the accessible entrance of the STORE.

d.  The ground slope at the accessible parking spaces and their access aisle(s) is no greater than two percent (2%) in any direction.

e.  The accessible parking spaces are at least eight (8) feet wide and shall share an eight (8) foot striped access aisle. Not less than one (1) of the accessible parking spaces is designated and signed "van accessible."

f.  The accessible parking spaces are conspicuously outlined in paint, four inches wide, and shall be posted and maintained with a permanent, above-grade sign bearing the international symbol of accessibility.

g.  All paths of access from the accessible parking spaces to the STORE are in compliance with the provisions of §§4.5.2, 4.3.3 and 4.1.6 of the ADAAG

   ii.  The Defendant has provided directional signage at the front entry that indicates that the side entry is the accessible entrance in compliance with §4.1.2(7)(c) and 4.30 of ADAAG.

   iii.  The Defendant has provided a built up curb ramp located in front of the side entry door at the curb with a running slope of not greater than 1:12 (8.33%) and flared sides with a slope of not greater than 1:10 (10%) in compliance with §4.7.6 and Figures 12 and 13 of

ADAAG. In doing so, the Defendant shall ensure that the wheel stops at the accessible parking spaces are not less than 36 inches from the curb in order to ensure that the curb ramp does not protrude into the access aisle of the accessible parking spaces nor interfere with their use.

iv. The Defendant has deleted the existing parking space currently designates as accessible in front of the STORE in compliance with 4.6.2, and Figures 9 and 13 of ADAAG.

**B.  ACCESSIBLE ROUTE**

i. The Defendant has provided an accessible route which is not less than 36 inches wide (which can narrow to a distance of not less than 32 inches for a distance of not greater than 24 inches) from the store entrance to all of the merchandise, the toilet room, the check-out counter, the self service station and all of the accessible elements in compliance with §4.3.3 of the ADAAG.

**C.  SELF SERVE AREA**

i. The Defendant has lowered the drink lids and the hot water dispensing device to a height of not greater than fifty-four (54) inches above the finished floor in compliance with §§4.2(6) and 4.27.3 of the ADAAG.

ii. The Defendant has lowered the condiments to a height of not greater than forty-six (46) inches above the finished floor in compliance with 4.34.3(2)(b) of the ADAAG.

**D.    UNISEX TOILET ROOM**

i. The Defendant shall relocate the right side partition not less than eight (8) inches to give a clear width along the plumbing wall of not less than sixty-two (62) inches in order to provide a compliant accessible single user unisex toilet room in compliance with §§4.16, 4.19 and Figures 28, 29 and 32 of the ADAAG.

ii. The Defendant shall replace the toilet room entrance door with a door that has a clear width of not less than thirty-two (32) inches when open, and shall reverse the swing of the toilet room entrance door out of the toilet room and into the store area in compliance with §§4.13.5, 4.13.6 and Figure 25 of the ADAAG.

iii. The Defendant shall move the first row of shelving closest to the toilet room so that there is a dimension of not less than forty-eight (48) inches continuous between the toilet room exterior wall and the first row of shelving in order to provide sufficient maneuvering clearance at the toilet room entrance door in compliance with §4.13.9 and Figure 25 of the ADAAG.

iv. The Defendant shall provide lever type latching door hardware which does not require pinching, grasping or twisting of the wrist in compliance with §4.13.9 and Figure 25 of the ADAAG.

v. The Defendant shall provide accessible signage with raised characters and Braille on the wall adjacent to the latch side of the toilet room entrance door at a height so that the centerline of the sign

    is 60 inches above the finished floor in compliance with §4.30 of the ADAAG.

vi. The Defendant shall modify and relocate the water closet so that its centerline is eighteen (18) inches from the adjacent side wall in compliance with §4.16.2 and Figure 28 of the ADAAG.

vii. The Defendant shall provide a water closet seat height of between seventeen (17) and nineteen (19) inches above the finished floor in compliance with §4.16.3 and Figure 29(b) of the ADAAG.

viii. The Defendant shall provide side and rear grab bars of forty-two (42) inches in length and thirty-six (36) inches in length respectively which shall be mounted in compliance with §4.16.4 and Figure 29 of the ADAAG.

ix. The Defendant shall relocate the toilet paper dispenser so that it is mounted not more than 36 inches from the rear wall and at a height of 48 inches above the finished floor to the paper in compliance with ANSI 98 and Figure 604.7B.

x. The Defendant shall raise the lavatory four (4) inches so that the lowest point is 27 inches AFF in compliance with §4.19.2 and Figure 31 of the ADAAG.

xi. The Defendant shall relocate the lavatory so that the near edge is no less than 18 inches from the centerline of the water closet in compliance with §4.19.2 and Figures 31 and 32 of the ADAAG.

xii. The Defendant shall provide lever type faucet controls on the lavatory

        in compliance with §4.19.5 of the ADAAG.

xiii. The Defendant shall insulate the hot water and drain pipes on the lavatory in compliance with §4.19.4 of the ADAAG.

xiv. The Defendant shall lower the paper towel dispenser so that the highest operable part is not higher than 54 inches in compliance with §§4.2.5 and 4.2.6 of the ADAAG.

xv. The Defendant shall lower the soap dispenser and the convenience center so that the highest operable part is not greater than 48 inches Above the finished floor in compliance with §§4.2.5 and 4.2.6 of the ADAAG.

xvi. The Defendant shall provide operating controls on the convenience center that do not require pinching, grasping or twisting of the wrist to operate in compliance with §4.23.7 of the ADAAG.

## II. JURISDICTION

    A. The parties hereto agree that this Negotiated Stipulation for Settlement, and its construction is governed by Oklahoma Law. Any dispute arising out of this Agreement shall be brought in the original court in the Western District of Oklahoma, or, if that Court refuses to accept jurisdiction, in a court of competent jurisdiction in and for Payne County, Oklahoma.

## III. ENFORCEMENT CONSIDERATIONS.

    **A. Readily Achievable.** In an effort to resolve the disputes herein, the parties hereto acknowledge that the alterations and modifications as set forth in this Negotiated Stipulation for Settlement, and consist of what the parties believe to be readily achievable and technically

feasible pursuant to and for the purposes of Title III of the ADA.

**B.     Time Frame.**  The Parties agree that certain alterations and modifications within the STORE were alleged to have been completed on or before October 27, 2004. The Defendant has notified Plaintiffs of the completion of the work completed to date.  Plaintiffs' representatives will be provided reasonable access to the STORE and to verify completion of the above referred-to work. Should the Plaintiffs identify any remaining barriers to access (limited to those initially identified in Mobley's report dated May 18, 2004), the parties agree to negotiate in good faith regarding the removal thereof, subject to the standards of the ADA (i.e. readily achievable, technically feasible, etc.) and an agreement has been reached and the Defendant shall complete such additional modifications detailed above in the Unisex Toilet Room on or before January 31, 2005.   If the parties cannot reach an amicable resolution thereof, the parties agree to submit any remaining issues to the Court for a determination as to the scope of modifications, if any, and the appropriate time frame to complete same.

**IV.    ATTORNEYS' FEES AND COSTS.**  The Defendant shall pay the Plaintiffs' counsel, Schwartz Zweben & Associates, L.L.P. the sum of $6,500.00, within ten days of the Plaintiffs' execution of this Agreement, representing all reasonable attorney's fees, including costs of litigation and expert's fees incurred by the Plaintiffs.

**V.    DISCLOSURE.**  The parties agree that this Negotiated Stipulation for Settlement shall be filed with the Court.  Executed originals shall remain in the possession of the parties. The parties contemporaneously herewith shall request the dismissal of this matter with prejudice, subject to the Court retaining jurisdiction for enforcement purposes.

**VI.    TIME IS OF THE ESSENCE.**  The parties further agree that time is of the essence in all respects regarding this Negotiated Stipulation of Settlement.

**VII.    TAX CREDITS / DEDUCTION.**  The Defendant acknowledges that it may be entitled to disabled access tax credits and/or deductions under 26 USCS §§ 38, 44 and 46, and other sections of the Internal Revenue Code, for the architectural modifications and barrier removal performed pursuant to this Negotiated Stipulation for Settlement.

**VIII.    AUTHORITY AND POWER OF DEFENDANT.**   The Defendant stipulates and represents that it has the power and authority to execute and deliver this Negotiated Stipulation for Settlement and has performed its obligations hereunder.

**IX.    AUTHORITY AND POWER OF CORPORATE PLAINTIFF.**  The Plaintiffs stipulate and represent that ACCESS NOW, INC. is a duly organized and validly existing not-for-profit corporation, in good standing, under the law of the State of Florida and that the signatory has the power and authority to execute and deliver this Negotiated

Stipulation for Settlement and to perform its obligation hereunder.

X.   **REFERENCES.**  Words and phrases used in this Agreement that have definitions provided in the ADAAG or 28 C.F.R. §36.104 shall be construed as defined in the ADAAG or 28 C.F.R. §36.104, as applicable.

XI.  **AUTHORITY TO EXECUTE.**  Each party represents that each person executing this Negotiated Stipulation for Settlement on its behalf has been authorized to sign on behalf of the respective party and to bind it to the terms of this Negotiated Stipulation of Settlement.

XII. **COUNTERPARTS.**  The parties agree that this Negotiated Stipulation for Settlement and any and all other documents in connection with the settlement of this matter may be executed in counterparts, each of which shall be deemed an original but all of which taken together shall constitute but one and the same instrument. The parties further agree that a facsimile copy of a party's signature shall be deemed equivalent to an original.

XIII. **ENTIRE AGREEMENT.**  This Negotiated Stipulation for Settlement, including the codes and the drawings referenced herein, constitute the entire agreement among the parties on the matters raised herein.  No other statement, promise, or agreement, either written or oral, made by either party or agents of either party not contained in this written Negotiated Stipulation for Settlement, shall be enforceable.  If a court of competent jurisdiction concludes that any part of this Negotiated

Stipulation for Settlement is unenforceable, such portion shall be severed from this Negotiated Stipulation for Settlement, and all other provisions shall remain enforceable.

XIV.   **SETTLEMENT.**  The parties hereby represent and acknowledge that this Negotiated Stipulation for Settlement is given and executed solely in settlement of a disputed claim, and is not based upon any representation by any of the parties to another party as to the merits, legal liability, or value of any claim of the parties or any matters related thereto.

XV.   **FULL AND FINAL RELEASE.** The Plaintiff's and their successors, assigns, members, officers, directors or any other individual or entity which are in any way specifically associated with either Plaintiff, hereby forever release and discharge the Defendant for any and all causes of action through the date of completion of all stipulations addressed herein or which could have been brought in the above styled suit specifically relating to the STORE.

XVI.   **ACKNOWLEDGMENT.** The parties acknowledge they have been afforded an opportunity to consider the terms and conditions of this Negotiated Stipulation for Settlement, that they have read and understand the terms and conditions herein.  Each party represents and warrants that they have had the opportunity to have this Agreement reviewed by counsel and be advised by counsel as to the rights and obligations of each party and to modify this Agreement as

necessary. As a result, this Agreement shall not be construed or interpreted more strictly against one party than another on the grounds that this Agreement or any draft thereof was prepared by either party.

**XVII. WRITTEN NOTICE.** Each notice ("Notice") provided for under this Negotiated Stipulation for Settlement must comply with the requirements of this Section. Each Notice shall be in writing and sent by depositing it with a nationally recognized overnight courier service, which obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior notice thereof. The parties addresses for providing Notice hereunder shall be as follows:

Plaintiffs:
c/o Gregory E. Schwartz, Esquire
Schwartz Zweben & Associates, L.L.P.
3876 Sheridan Street
Hollywood, Florida 33021

Defendant:
c/o Lu Ann Stout, Esquire
Holloway Dobson & Bachman
211 North Robinson, Suite 900
Oklahoma City, Oklahoma 73102

**IN WITNESS WHEREOF,** the parties have hereunto signed their names on the day and year written below.

By: s/ Phyllis F. Resnick, President   By: s/ James Lawson
    ACCESS NOW, INC.                       JAMES LAWSON
    Date 11/5/04                           Dated: 11/1/04

(I certify that I have the signed original of this document which is available for inspection at any time by the court or a party to this action.)

s/ filing attorney - Lu Ann Stout, OBA # 12504

On Behalf of Defendant: CIRCLE N. INC. an Oklahoma corporation d/b/a GIT 'N GALUP,

By: s/ Dennis Nichols        Dated: 11/8/04

(I certify that I have the signed original of this document which is available for inspection at any time by the court or a party to this action.)

s/ filing attorney - Lu Ann Stout, OBA # 12504

GG  incomplete agreed fees